COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


JORGE LUIS REYES

v.        Record No. 1660-05-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MARCH 6, 2007

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

Maureen L. White for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jorge Luis Reyes ("Reyes") appeals his conviction of first-degree murder, in violation of

Code § 18.2-32, and use of a firearm in the commission of a felony, in violation of Code

§ 18.2-53.1.[1] On appeal, Reyes contends that the trial court erred in "denying him the

opportunity to present evidence material to his defense."[2] Specifically, Reyes argues that the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Reyes was convicted of shooting his girlfriend, Ruth Harris ("Harris"). Harris died from a single gunshot wound to the head.

[2] Reyes phrases his argument as a constitutional one, contending that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights. In reality, the issue before the trial court was simply one of the admissibility of evidence. And although a state "may not apply a rule of evidence that permits a witness to take the stand, but arbitrarily excludes material portions of his testimony," Rock v. Arkansas, 483 U.S. 44, 55 (1987), there are "[n]umerous state procedural and evidentiary rules [that] control the presentation of evidence and do not offend the defendant's right to testify," id. at 55 n.11. In other words, there is no "authority for the novel proposition that the right to present a defense encompasses the right to present any evidence the defense wishes, regardless of its admissibility under the [rules of evidence]." United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). In this case, the evidence in question was hearsay

trial court erred in (1) not allowing his witnesses to testify regarding the events that led him to fear for his life and, thus, flee the Commonwealth, and (2) not allowing his witnesses to testify "that he was known by acquaintances to carry large sums of money and wear expensive jewelry." For the following reasons, we disagree and affirm Reyes' convictions.

In general, "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citing Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)). "Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations." Id. at 17, 371 S.E.2d at 842 (citing Levine v. City of Lynchburg, 156 Va. 1007, 1014, 159 S.E. 95, 97-98 (1931)).

### A. State of Mind Evidence

Hearsay evidence is inadmissible at trial unless it falls into one of the recognized exceptions to the rule. Clay v. Commonwealth, 30 Va. App. 650, 659, 519 S.E.2d 393, 397-98 (1999) (citing Evans-Smith v. Commonwealth, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987)). Thus, a person seeking to have hearsay declarations admitted must clearly show that they fall within an exception to the rule. See Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984); Foley v. Commonwealth, 8 Va. App. 149, 161, 379 S.E.2d 915, 921 (1989).

It is well settled that statements showing the state of mind of the declarant are admissible for that purpose as an exception to the hearsay rule. United Const. Workers v. Laburnum Const. Corp., 194 Va. 872, 896, 75 S.E.2d 694, 709 (1953). However,

> [a]dmission of declarations of the mental state under this "state of mind" exception is conditioned on the following prerequisites:

---

evidence, and thus, we will address it as a non-constitutional claim of error. See Clay v. Commonwealth, 262 Va. 253, 259-60, 546 S.E.2d 728, 731-32 (2001).

1. The statement must refer to a *presently existing* state of mind.
2. There must be no obvious indication of fabrication or contrivance.
3. As noted above, the mental condition must be relevant to the case.

Charles E. Friend, The Law of Evidence in Virginia § 18-18, at 789 (6th ed. 2003); see Hodges v. Commonwealth, 272 Va. 418, 442-43, 634 S.E.2d 680, 693-94 (2006) (The statement was admissible under the state of mind exception as the statement did not "contain any indicia of fabrication or incentive to lie."); see also Clay, 30 Va. App. at 660, 519 S.E.2d at 398.

In this case, Reyes contends that the trial court erred in refusing to admit testimony regarding his state of mind when he fled the Commonwealth. Specifically, Reyes argues that since a significant portion of the Commonwealth's case hinged upon his flight, the trial court was obligated to allow Reyes to rebut the Commonwealth's evidence of flight. However, the trial court, in ruling on the objection to the testimony, stated that Reyes failed to satisfy "the aspect of . . . falsification or . . . contrivance for the state of mind exception." In other words, the trial court found Reyes had a motive to lie about his reason for leaving the Commonwealth.

The record shows that Reyes had been interviewed several times by law enforcement and that the investigation failed to produce any evidence supporting Reyes' version of the crime, or to locate the alleged shooter, Buddy.[3] And, the police caught Reyes attempting to leave the jurisdiction without notifying the police of his "relocation." Moreover, Reyes took significant steps to leave the Commonwealth unnoticed. Specifically, he painted his dump truck a different color, and paid someone else to drive his truck and his belongings to Florida.

Because there were sufficient facts to support the trial court's factual conclusion that the evidence showed an "obvious indication of fabrication or contrivance," we cannot say that the

---

[3] Reyes contends that an acquaintance, Buddy, shot Harris.

trial court erred in finding that the testimony did not meet all of the prerequisites for admitting the testimony under the state of mind exception, and therefore refusing to admit it.  Cf. Hodges, 272 Va. at 442-43, 634 S.E.2d at 693-94.

## B.  Robbery Evidence

Reyes also contends that the trial court erred in not admitting evidence that he "was known to flash a great deal of money" and that he wore expensive jewelry, to support the inference that a third party had a motive to rob him.  Reyes contends that even though he could not "definitively establish robbery as a motive," he should have been allowed to develop it as a defense.  We disagree.

Reyes attempted to produce evidence that he was known to carry large amounts of cash and to wear expensive jewelry.  The Commonwealth objected, stating that the testimony was "not relevant to whether or not there's a murder committed."  Reyes argued that the testimony was "relevant because [Reyes] told the police that people tried to rob him . . . and [the witness] can say how he was perceived by the public as having a lot of money and putting money out." Moreover, Reyes claimed the evidence "corroborate[d] [Reyes'] statements."

However, the trial court sustained the objection, noting that "[Officer] Lowery was questioned and there was no demand for dollars, no attempted robbery."  In fact, Officer Lowery stated the following:

> I did ask [Reyes] why Buddy would pull a gun on him; and you know, I said was there a mention of a robbery?  Did he demand money?  Was there any indication that that was what Buddy wanted with him?  You know, why was Buddy pulling a gun on him?  And [Reyes] said no; there were no demands as far as robbery.

In essence, the trial court found that there was no evidence supporting the inference that Reyes was the victim of an attempted robbery and, thus, testimony amounting to mere speculation that a different motive might have obtained, was irrelevant.  Because the record supports the trial

- 4 -

court's ruling, we cannot say that the trial court abused its discretion in refusing to admit testimony regarding Reyes' money and jewelry.  Accordingly, we hold that the trial court did not err.

Because the record supports the trial court's conclusion that the state of mind testimony showed an "obvious indication of fabrication or contrivance," and because the trial court did not abuse its discretion in finding that the evidence regarding Reyes' money and jewelry was irrelevant, and thus inadmissible, we affirm Reyes' convictions for first-degree murder and use of a firearm in the commission of a felony.

<u>Affirmed.</u>